[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON OBJECTION TO REQUEST FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIM
The defendants have filed a Request for Leave to file Amended Answer and Counterclaim dated December 14, 1992. The plaintiffs, Bristol Savings Bank and Advest Bank, have filed an Objection to Request for Leave to Amend Answer and Counterclaim dated December 29, 1992.
If allowed, the proposed Amended Answer and Counterclaim would be the fourth Amended Answer and Counterclaim.
The second Amended Answer and Counterclaims was filed in response to the plaintiff's Motion to Strike Special Defenses and Counterclaims dated July 17, 1992, which was granted on October 15, 1992. The third Amended Answer and Counterclaim represented a substitute pleading pursuant to Practice Book Section 157 filed following entry of an order by the court striking the special defenses and counterclaims. The plaintiff thereafter moved, on November 12, CT Page 5354 1992, to strike the third Amended Answer and Counterclaim, which motion resulted in the defendants filing the proposed Fourth Amended Answer and Counterclaim. As the court said in its Memorandum of Decision on Motion to Strike Special Defenses and to Strike or Bifurcate Counterclaims on October 15, 1992, the special defenses and counterclaims originally filed did not relate to the making, validity or enforcement terms of the note and mortgage in question but, rather, alleged nonperformance, breach and misrepresentation with respect to agreements and dealings between the parties which were separate from the note and mortgage alleged in the complaint. All of the subsequent amendments to the special defenses and counterclaims state identical factual allegations. The only difference is that in each amendment the defendants add legal conclusions or additional claims for relief, which are not sufficient to permit the special defenses or counterclaims to properly remain in this action.
The proposed Fourth Amended Answer and Counterclaim differs from the Third Amended Answer and Counterclaim only in that it adds proposed third, fourth and fifth special defenses alleging, respectively, that the conduct already alleged in the existing special defenses was unconstitutional, fraudulent and unconscionable. Regardless of the legal gloss the defendants choose to put on the allegations of the special defenses, they still do not relate to the making, validity or enforcement of the note or mortgage which are the subject of the complaint. The proposed Fourth Counterclaim adds a fifth count alleging that plaintiff's conduct described in all prior counterclaims constituted fraud. Again, the defendants are doing nothing more than attempting to place a different legal gloss on the same factual allegations which have already been stricken by the court as not properly joined as counterclaims to this foreclosure action. The defendants' continued efforts to seek to amend their counterclaims and special defenses constitute unconscionable delay in the proceedings.
If the defendants wish to bring the claims alleged in the counterclaims, they may do so in a separate action. For the foregoing reasons, the Objection to Request to Amend is sustained.
BY THE COURT: CT Page 5355
Aurigemma, J.